UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 08/31/2021

| | |
|---|---|
| LAHSEN ABOUL, <br><br> Plaintiff, <br><br> v. <br><br> AMERITANIA 54TH ASSOCIATES, LLC, <br><br> Defendant. <br><br> *and* <br><br> LAHSEN ABOUL, <br><br> Plaintiff, <br><br> v. <br><br> AMSTERDAM HOSPITALITY GROUP, LLC, <br><br> Defendant. | 19-CV-9986 (RA) <br> 19-CV-9987 (RA) <br><br> MEMORANDUM <br> OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

Plaintiff Lahsen Aboul, proceeding *pro se*, brought these two nearly identical employment discrimination actions pursuant to Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") against Ameritania 54th Associates, LLC (19-CV-9986) and Amsterdam Hospitality Group, LLC (19-CV-9987) (collectively, "Defendants"). The suits arise out of Plaintiff's termination from his housekeeping job at the Ameritania Hotel in April 2019, which he asserts amounted to discrimination on the basis of sex, discrimination on the basis of national origin, and retaliation. Defendants assert that the termination was in response to Plaintiff's falling asleep on the job.

Before the Court are Defendants' motions to compel Plaintiff to submit his claims to arbitration in accordance with a collective bargaining agreement ("CBA") between the Ameritania Hotel and Plaintiff's union, Amalgamated Local 1931.[1] *See* Dkt. 45 (19-CV-9986). For the following reasons, the motions are granted, and the actions are stayed pending completion of the arbitration.

### BACKGROUND[2]

Aboul was employed in housekeeping at the Ameritania Hotel ("the Hotel") from March 2010 until his termination in April 2019. *See* Second Amended Compl., Dkt. 28 (19-CV-9986), at 1; Declaration of Saul Bienenfeld ("Bienenfeld Decl."), Dkt 44 (19-CV-9986), ¶ 5. The Hotel is owned and operated by Defendant Ameritania 54th Associates. *Id*. ¶ 2. Although the pleadings do not precisely describe the role Amsterdam Hospitality played in Plaintiff's employment and dismissal from the hotel, Plaintiff alleges that "Ameritania Hotel fired me due to Amsterdam

---

[1] Although Amsterdam Hospitality is not a party to the CBA, "a non-signatory to an arbitration agreement may compel a signatory to that agreement to arbitrate a dispute where a careful review of the relationship among the parties, the contracts they signed, and the issues that had arisen among them discloses that the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." *Pena v. 220 E. 197 Realty LLC*, No. 20-CV-7039 (JPO), 2021 WL 3146031, at *2, n.1 (S.D.N.Y. July 23, 2021) (quoting *In re Currency Conversion Fee Antitrust Litig.*, No. 04-CV-5723, 2005 WL 2364969, at *4 (S.D.N.Y. Sept. 27, 2005)). Here, given that Plaintiff has brought identical lawsuits against Ameritania 54th Associates and Amsterdam Hospitality, "the subject matter of the dispute between [Plaintiff and Amsterdam Hospitality] is factually intertwined with the dispute between [Plaintiff and Ameritania 54th Associates]." *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 128 (2d Cir. 2010) (affirming grant of non-signatory's motion to compel arbitration). "It is, in fact, the same dispute." *Id*. Accordingly, both defendants may move to compel arbitration. *See Pena*, 2021 WL 3146031, at *2, n.1 (compelling arbitration of identical claims against two co-employers where only one employer was signatory to collective bargaining agreement).

[2] The Court has relied on the facts as alleged in Plaintiff's complaints and as attested to in the parties' declarations, including the collective bargaining agreement itself. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002)) ("In deciding motions to compel [arbitration], courts . . . 'consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with ... affidavits.'").

Hospitality Group, LLC['s] instructions to make my termination." *See* Second Amended Compl., Dkt. 26-9 (19-CV-9987). The housekeeping staff at the Ameritania Hotel is represented by Amalgamated Local 1931, Eastern States Joint Board ("the Union" or "Local 1931"), which entered into the CBA with the Hotel covering the period from June 1, 2016 through May 31, 2019. *See* Dkt. 44-1 (19-CV-9986) ("CBA") at 2. *See also* SAC (19-CV-9987) at 8 (describing Local 1931 as "the labor union [re]presenting employees in Ameritania"). The agreement, which governs the terms of the employer-employee relationship at the Hotel, provides that "The Employer agrees to and does hereby recognize the Union as the sole and exclusive bargaining agent for all full and regular part time employees[,] including . . . housekeeping." CBA at 2.

The CBA also contains a "Non-Discrimination" provision requiring arbitration as the "sole and exclusive remedy" for resolving "[a]ny and all disputes arising under this article," including "disputes made pursuant to Title VII of the Civil Rights Act . . . the New Jersey Law against Discrimination, . . . and or any other similar laws, rules, or regulations." *Id*. at 11-12. The agreement lays out a procedure for resolving grievances involving allegations of unlawful discrimination, which includes at first a requisite mediation and then, if unsuccessful, the submission of the dispute to arbitration. *Id*. In addition, if the Union declines to process a grievance alleging a violation of the antidiscrimination laws, the CBA permits the individual employee to proceed to arbitrate the claim on his own. *Id*. at 12.

Plaintiff filed these actions in October 2019, and filed amended complaints in March and August 2020. He asserts that Defendants discriminated against him on the basis of sex and national origin when they terminated his employment, in violation of Title VII, the NYCHRL, and the NYSHRL. *See* Memorandum of Law in Support of Defendants' Motion to Compel Arbitration ("Def. Mem."), Dkt. 45 (19-CV-9986), at 3. In February 2021, Defendants moved to compel arbitration in accordance with the CBA.

## DISCUSSION

The Federal Arbitration Act declares that an arbitration clause in any "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. This provision requires federal courts to "place arbitration agreements on an equal footing with other contracts . . . and enforce them according to their terms." *AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal citations omitted).

A union may, on behalf of its members, agree to a collective bargaining agreement that requires employees to arbitrate their claims against their employer, so long as any waivers of employees' rights to bring claims in court are "clear and unmistakable." *Abdullayeva v. Attending Homecare Servs. LLC*, 928 F.3d 218, 222 (2d Cir. 2019) (citing *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009)). *See also Pyett*, 556 U.S. at 260, 274 (A "collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate [federal anti-discrimination] claims is enforceable as a matter of federal law."). Although the Supreme Court's decision in *Pyett* involved a claim arising under the Age Discrimination in Employment Act, "[c]ourts throughout this Circuit have since applied *Pyett*'s reasoning to claims arising under Title VII, the ADA, the NYSHRL and the NYCHRL, concluding that those statutes are equally susceptible to mandatory arbitration agreements." *Germosen v. ABM Indus. Corp.*, No. 13-CV-1978 (ER), 2014 WL 4211347, at *6 (S.D.N.Y. Aug. 26, 2014) (collecting cases). A collective bargaining agreement will be found to contain a "clear and unmistakable waiver" of the right to bring a claim in federal court "when one of two circumstances is present: (1) the arbitration clause contains a provision that explicitly provides that all causes of action arising out of the employee's employment shall be submitted to arbitration; or (2) the arbitration clause specifically references or incorporates the relevant statutes into the agreement to arbitrate."

4

*Acevedo v. Harvard Maint. Co.*, No. 20-CV-721 (AJN), 2021 WL 1224898, at *7 (S.D.N.Y. Mar. 31, 2021) (citations omitted).

Here, the Collective Bargaining Agreement clearly and unmistakably requires employees to submit the types of discrimination claims asserted by Plaintiff to arbitration. The CBA provides that that the "grievance and arbitration provision of this contract" is "the sole and exclusive remedy of the employee" for resolution of discrimination claims. CBA at 11. The agreement "specifically references or incorporates" Title VII itself, *Acevedo*, 2021 WL 1224898, at *7, and also specifically invokes state and local antidiscrimination laws that are analogous to Title VII. *See* CBA at 11 (requiring arbitration for any claims "made pursuant to Title VII of the Civil Rights Act, . . . the New Jersey Law against Discrimination, . . . and or any other similar laws, rules, or regulations."). *See Lawrence v. Sol G. Atlas Realty Co.*, 841 F.3d 81, 84 (2d Cir. 2016) (the "clear and unmistakable" standard requires "specific references in the CBA either to the statutes in question or to statutory causes of action generally"). In light of the specific references to both Title VII and the New Jersey anti-discrimination law, the Court finds that the CBA's reference to "any other similar laws" plainly encompasses equivalent claims under the NYSHRL and NYCHRL. On the face of the CBA, then, discrimination claims against the employer must be submitted to arbitration.

The only remaining question is whether Plaintiff is covered by the CBA. Plaintiff appears to dispute that he was a member of Amalgamated Local 1931 or that the union was representing employees of the hotel. *See* Plaintiff's Response Memorandum ("Pl. Mem."), Dkt. 43 (19-CV-9987) at 2–3, 6. He also appears to argue that the CBA was not in effect during the circumstances giving rise to his discrimination claims, or that it cannot be enforced against him absent a showing that he knew about the agreement. *See id*. at 6 ("The Local 1931 Union

5

established an agreement between the Company which I did not know or it did not concern me, because I was done after April 8, 2019, date of my termination.").

These objections are without merit. The CBA between the Hotel and Local 1931 was effective from June 1, 2016 through May 31, 2019, *see* CBA at 1, and was therefore in effect at the time of Plaintiff's termination. Moreover, the record evidence suggests that Plaintiff was, in fact, a member of the union, such that his "supposed lack of awareness is irrelevant." *Pena v. 220 E. 197 Realty LLC*, No. 20-CV-7039 (JPO), 2021 WL 3146031, at *3 (S.D.N.Y. July 23, 2021) (granting motion to compel arbitration under collective bargaining agreement despite plaintiff's purported lack of awareness that he was a member of a union). First, the CBA itself provides that all hotel employees must, as a condition of their employment, "become and remain members in good standing in the Union." CBA at 2-3. *See Abdullayeva*, 928 F.3d at 220 (discussing similar provision in CBA). Second, Defendants have submitted documentation from the Union showing that Plaintiff's monthly union dues were deducted from his wages—documentation that refers to Plaintiff as a "member." *See* Dkt. 55-1 (19-CV-9986) at 2–5. Third, Plaintiff himself admits that, at the meeting concerning his termination, a union representative from Local 1931 was present and "promised [Plaintiff] not to react until the Union did the grievance, and hand[ed] to me a letter about the grievance." Pl. Mem. at 5. As Defendants convincingly argue, "[i]f Plaintiff was not covered by the CBA, there would have been no reason for a Union representative to attend the meeting, and then discuss a potential grievance with Plaintiff regarding his termination." Def. Reply Mem. at 3. The Court therefore finds that Plaintiff was a member of the Union and bound by the terms of the CBA.[3]

---

[3] Even if Plaintiff were somehow not a member in good standing of the union, he would still, as a housekeeping employee, be bound by the collective bargaining agreement. Article 2 of the CBA states that the employer "agrees to and does hereby recognize the Union as the sole and

Plaintiff also appears to take issue with the way in which the Union handled his grievance. Pl. Mem. at 5. His initial complaint attached a letter from Local 1931, received in May 2019, in which union officials stated that they would "no longer pursue the grievance filed on your behalf for 'Wrongful Termination.'" *See* Dkt. 2 (19-CV-9986) at 7. The Union's decision not to pursue the wrongful termination claim on his behalf through arbitration, however, does not relieve Plaintiff of his obligation to exhaust the CBA's grievance procedures. The CBA provides that "In the event an employee has requested, in writing, that the Union process a grievance alleging a violation of the Covered Statutes and the Union declines to process a grievance regarding alleged violations of the Covered Statutes, through the grievance/mediation process or to arbitration following the conclusion of mediation, an Employee solely on behalf of herself, may submit her individual claim to mediation, or following the conclusion of mediation, to arbitration." CBA at 12. Given the CBA's provision that its grievance procedure is "the sole and exclusive remedy" for resolution of employment discrimination suits, and given that Plaintiff still had steps he could have followed to pursue his claim through that procedure, the Court concludes that he failed to exhaust his remedies under the CBA before filing the instant actions.

---

exclusive bargaining agent for all full and regular part time employees including . . . housekeeping." CBA at 2. Such a "recognition clause" in a CBA "indicates that the agreement applies to union and non-union employees alike." *Rahm v. J. Hall, Ltd.*, No. 1:07-CV-0726 (LEK), 2011 WL 1136465, at *5 (N.D.N.Y. Mar. 25, 2011). *See also Pena*, 2021 WL 3146031, at *3 ("Even if Pena was not a member of the union at all . . . the union was legally authorized to negotiate collective bargaining agreements on his behalf."); *Bevills v. Merchants Fast Motor Lines, Inc.*, 876 F. Supp. 129, 130 (N.D. Tex. 1995) (citing *Steele v. Louisville & N.R. Co.,* 323 U.S. 192, 200–01 (1944) ("Collective bargaining agreements govern all employees within the bargaining class, regardless of actual union membership.")). Accordingly, under these circumstances, Plaintiff would "be bound by the terms of [the CBA] even if not a union member." *Prudential Ins. Co. of Am. v. Stella*, 994 F. Supp. 308, 315 (E.D. Pa. 1998) (citing *Quesnel v. Prudential Ins. Co.*, 66 F.3d 8, 11 (1st Cir. 1995); *Saunders v. Amoco Pipeline Co.*, 927 F.2d 1154, 1156 (10th Cir. 1991)).

## CONCLUSION

For the foregoing reasons, Defendants' motions to compel arbitration are granted. These actions are hereby stayed pending resolution of that arbitration. *See Katz v. Cellco P'ship*, 794 F.3d 341 (2d Cir. 2015); *Abdullayeva*, 928 F.3d at 226, n.3 (where, as here, a defendant's motion to compel arbitration "sought either a stay *or* a dismissal," stay pending arbitration rather than dismissal is appropriate). The parties are directed to submit an update on the status of arbitration on or before March 1, 2022.

The Clerk of Court is respectfully directed to (1) terminate the motion pending at Dkt. 43 in 19-CV-9986; (2) terminate the motion pending at Dkt. 37 in 19-CV-9987; and (3) to stay both actions. The Clerk of Court is further directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:   August 31, 2021
         New York, New York

                                            Ronnie Abrams
                                            United States District Judge